*Cardona-Contreras v. Lynch*

BIA
Verillo, IJ
A205 015 148

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand fifteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

CARLOS ANTHONY CARDONA-CONTRERAS,
AKA CARLOS CARDONA, AKA CARLOS A.
CARDONA,
> *Petitioner,*

v.                                          14-2828
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Elyssa N. Williams, Formica
                         Williams, P.C., New Haven,
                         Connecticut.

**FOR RESPONDENT:**          Benjamin C. Mizer, Acting Assistant
Attorney General; Cindy S. Ferrier,
Assistant Director; Jessica E.
Sherman, Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Carlos Anthony Cardona-Contreras, a native and citizen of Mexico, seeks review of a July 11, 2014, decision of the BIA affirming a March 13, 2013, decision of an Immigration Judge ("IJ") denying Cardona-Contreras's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Carlos Anthony Cardona-Contreras,* No. A205 015 148 (B.I.A. July 11, 2014), *aff'g* No. A205 015 148 (Immig. Ct. Hartford Mar. 13, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of

2

review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Cardona-Contreras does not challenge the pretermission of his asylum application as untimely, we address only his eligibility for withholding of removal and CAT relief.

Persecution is "the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Past persecution can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse." *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). However, the harm must be sufficiently severe to rise above "mere harassment." *Ivanishvili*, 433 F.3d at 341.

In this case, the agency reasonably found that Cardona-Contreras was not persecuted. On one occasion, in either 1988 or 1990, he was pushed and heard shots fired; this is the only harm he endured in Mexico and it does not amount to persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in BIA's conclusion that an applicant who was beaten and detained for two days did not

3

establish persecution because the injuries "required no formal medical attention and had no lasting physical effect").

While Cardona-Contreras argues that the murders of his father and grandfather contribute to the cumulative harm he suffered, which amounts to persecution, those deaths both occurred before he was born. Accordingly, the murders of his father and grandfather were not acts intended to harm or threaten Cardona-Contreras. *Cf. Jiang v. Gonzales*, 500 F.3d 137, 142 (2d Cir. 2007) (recognizing that an applicant may be able to demonstrate persecution based on persecution of family members where the applicant "shares . . . the characteristic that motivated persecutors to harm the family member," "was in the zone of risk when the family member was harmed," and "suffered some continuing hardship after the incident" (citing *Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006))).

In the absence of past persecution, to warrant withholding of removal an applicant must show that it is more likely than not that he will be persecuted in the country of removal. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Similarly, to warrant CAT relief, an applicant must show that he more likely than not will be tortured if he is removed. *See*

4

8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). The agency did not err in concluding that Cardona-Contreras has not shown that he will be persecuted or tortured if he returns to Mexico. He presented no evidence to show that anyone in Mexico sought to harm him, and after the single incident in which he was pushed and shots were possibly fired at him, he remained in Mexico until 1997 with no further problems. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

5